United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Casaudoumecq, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-20633-Civ-Scola |
| | ) |
| National Specialty Insurance | ) |
| Company, Defendant. | ) |

### Order Denying Motion

In this case, Plaintiff Jose Casaudoumecq complains Defendant National Specialty Insurance Company failed to honor the terms of an insurance contract when it denied Casaudoumecq's claims for damages to his home caused by Hurricane Irma. Currently before the Court is a motion Casaudoumecq's former counsel, Font & Nelson, filed, on its own behalf, seeking remand of this case back to state court, a stay, and sanctions. (Font's Mot., ECF No. 13.) National Specialty has responded in opposition, arguing that Font & Nelson lacks standing to pursue the relief it seeks and that the motion, in any event, is meritless. (Def.'s Rep., ECF No. 14.) Font & Nelson did not file a reply. After careful review, the Court agrees with National Specialty that Font & Nelson lacks standing to seek remand and therefore **denies** its motion (**ECF No. 14**).

Font & Nelson has not set forth any basis to support its standing to seek remand in this case on its own behalf. The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) suffering an actual or imminent injury, or a concrete "invasion of a legally protected interest"; (2) an injury caused by the defendant's complained-of actions; and (3) an injury or threat of injury that is likely redressable by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011) (stating same). Here, the firm is not the Plaintiff in this action and has not shown that it will itself suffer either an injury or the invasion of a legally protected interest if the Court does not remand this case. Font & Nelson, therefore is simply not entitled, acting on its own behalf, to the relief it seeks. Because the Court denies the motion for remand, it also denies Font & Nelson's request for sanctions. Lastly, Font & Nelson's request for a stay is denied as moot. (*See* Order, ECF No. 20.)

**Done and ordered**, at Miami, Florida, on April 5, 2020.

Robert N. Scola, Jr.
United States District Judge