United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Casaudoumecq, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-20633-Civ-Scola |
| | ) |
| National Specialty Insurance | ) |
| Company, Defendant. | ) |

**Order Adopting Report and Recommendations**
**Determining Lien Rights and Administratively Closing Case**

The Court referred Plaintiff Jose Casaudoumecq's motion to determine his former law firm's lien rights (ECF No. 27) to United States Magistrate Judge Edwin G. Torres for a report and recommendation. Judge Torres issued a report and recommendation, recommending that the Court grant the motion. (Rep. & Rec., ECF No. 38.) No objections to the report and recommendation have been filed by either party and the time to do so has passed.

Nonetheless, the Court has considered—de novo—Judge Torres's report, the record, and the relevant legal authorities. The Court finds Judge Torres's report and recommendation cogent and compelling. The Court thus **adopts** his recommendations in full (**ECF No. 38**), **granting** Casaudoumecq's motion (**ECF No. 27**) and determining that his former law firm, Font & Nelson, has no equitable lien rights for its fees due to the firm's voluntary withdrawal as counsel in this case.

Accordingly, as directed by Judge Torres, the parties in this action should proceed with the execution of their settlement agreement and the filing of their dismissal paperwork. By **August 26, 2020**, the Plaintiff must file a stipulation of dismissal, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or a motion to dismiss, consistent with Rule 41(a)(2). The Court will administratively close this case in the meantime.

If the Plaintiff files a stipulation of dismissal under Rule 41(a)(1)(A)(ii) and the parties wish to have this Court retain jurisdiction to enforce any settlement agreement, the stipulation of dismissal must include the following sentence: "The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the parties' settlement agreement." This sentence is necessary because a stipulation of dismissal is otherwise self-executing and deprives the Court of jurisdiction to do anything further. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

The Court directs the Clerk to **close** this case. Any party may move to re-open the case if there is a problem in reaching a final settlement agreement. Any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida, on July 29, 2020.

Robert N. Scola, Jr.
United States District Judge